BOLIN, Judge.
David Michael Thompson and wife, Carla Sue Thompson, alleged they entered into an oral contract with Cyril Whit Cortez to build them a home in Shreveport, Louisiana; that Cortez was to purchase the lot and build a house for a total price of $17,000; that Mr. and Mrs. Thompson and their friends would furnish a portion of the labor; that the value of the labor would be subtracted from the total price of $17,000; and that the balance would be paid by the Thompsons to Cortez upon the completion of the building and upon all financial arrangements being made. Plaintiffs further alleged the house was finished and that plaintiffs furnished labor, materials, and incurred out-of-pocket expenses totaling $4,723.65 because Cortez refused to fulfill the oral contract. Alternatively, Thompson and his wife sought a judgment against Cortez for a lesser amount.
Alleging themselves to be “alternative plaintiffs” four friends and kinsmen of the Thompsons sought a separate judgment against Cortez for the amount of labor allegedly performed by each of them.
After some preliminary pleadings were filed, defendant answered admitting an oral contract was entered into between defendant and Mr. and Mrs. Thompson whereby defendant would furnish the lot and build the house for the total price of $18,000, which included some “extras”. Defendant denied agreeing to pay plaintiffs or any of the “alternative plaintiffs” for any labor or materials. Defendant further alleged he completed the house as scheduled and arranged the necessary financing; that plaintiffs took possession and occupied the house for several months but refused to finalize the loan commitment or pay defendant as agreed. Defendant reconvened for a sum in excess of $1,000 as rent for the time plaintiffs occupied the house, damages and actual expenses incurred by him resulting from plaintiffs’ failure to comply with the contract, and $750 as attorney’s fees.
Following' trial on the merits before a jury, a formal judgment was rendered rejecting the demands of all plaintiffs against Cortez and likewise rejecting the reconventional demand of Cortez against Mr. and Mrs. Thompson. From this judgment plaintiffs and “alternative plaintiffs” appeal. We affirm the judgment of the lower court.
We find no serious legal questions presented and the overriding issue on appeal is whether the conflicting testimony was resolved correctly by the jury.
Plaintiffs and “alternative plaintiffs” testified substantially that each performed labor on the house. These parties were unskilled workers and there was admittedly no agreement as to the wage scale to be utilized in paying them.
Defendant, his wife, and other witnesses testifying for defendant denied there was any agreement by Cortez to pay plaintiffs for their labor. Defendant was not a *776 building contractor by profession but had built several houses while he was employed in his principal profession as a bus driver. The gist of his testimony was that he agreed to build the house, with very little profit to him, on the condition that Mr. and Mrs. Thompson would do some of the unskilled labor at no cost to defendant.
We find the evidence to be in hopeless conflict. We further find there is sufficient evidence in the record to support the verdict of the jury and the formal judgment signed in accordance therewith. Accordingly, the judgment appealed from is affirmed at appellants’ cost.